UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICO SEARCY,

        Petitioner,        Civil No. 16-CV-13779
                                    Honorable Terrence G. Berg

v.

CARMEN D. PALMER,

        Respondent.
_____/

**ORDER GRANTING RESPONDENT'S MOTION FOR SUPPLEMENTAL AUTHORITY (DKT. 10), GRANTING RESPONDENT'S MOTION TO HOLD CASE IN ABEYANCE (DKT. 11), AND ADMINISTRATIVELY CLOSING CASE**

Petitioner Derrico Searcy filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his convictions for second-degree murder and three counts of assault with intent to commit murder. Searcy and co-defendant Darrell Ewing were tried before a single jury in Wayne County Circuit Court. Co-defendant Ewing filed a habeas corpus petition in 2015. On November 20, 2017, the Chief Judge Denise Page Hood granted Ewing a conditional writ of habeas corpus on the ground that an extraneous influence on the jury violated Ewing's right to a fair and impartial jury. *See Ewing v. Horton*, No. 15-cv-

10523, 2017 WL 5564603 (E.D. Mich. Nov. 20, 2017). Chief Judge Hood's opinion precipitated the filing of two motions in this case.

The first, Petitioner's Motion for Supplemental Authority, asks the Court to take note of Chief Judge Hood's decision granting Ewing habeas corpus relief. The Court will grant Petitioner's motion. The second is Respondent's Motion to Hold Case in Abeyance. The State appealed Chief Judge Hood's decision to the Sixth Circuit Court of Appeals and the Court of Appeals' docket shows that oral argument is scheduled for October 2, 2018. *See Ewing v Horton*, No. 17-2485. Respondent argues that, because Petitioner raises an extraneous influence claim similar to Ewing's, the Court should stay this proceeding pending the Court of Appeals' decision in *Ewing v. Horton.*

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997), citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). A court may "find it ... efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the

case." *Leyva v. Certified Grocers of California., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). The Court of Appeals' ruling in *Ewing v. Horton* will directly address an issue raised in Petitioner's case. A stay will avoid duplicative litigation. Petitioner has not responded to the motion to stay and, although a stay will delay disposition of this matter, the Court anticipates a relatively short stay given that oral argument will take place within less than a month.

For these reasons, the Court **GRANTS** Petitioner's Motion for Supplemental Authority (Dkt. 10) and **GRANTS** Respondent's Motion to Hold Case in Abeyance (Dkt. 11). Respondent must notify the Court within 7 DAYS after the mandate is issued in *Ewing v. Horton*, No. 17-2485. To avoid administrative difficulties, the Clerk of Court is directed to close this case for statistical purposes only.

                                                s/Terrence G. Berg
                                                TERRENCE G. BERG
                                                UNITED STATES DISTRICT JUDGE

Dated: September 28, 2018

## Certificate of Service

      I hereby certify that this Order was electronically submitted on September 28, 2018, using the CM/ECF system, which will send notification to each party.

                                           s/A. Chubb
                                           Case Manager